**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4824**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LARRY LINERAL STEVENSON,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00421-JAB-1)

Submitted:  February 26, 2009          Decided:  March 3, 2009

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Angela Hewlett Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Lineral Stevenson pled guilty pursuant to a written plea agreement to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court determined the statutory conditions set forth in the Armed Career Criminal Act ("ACCA"), see 18 U.S.C. § 924(e) (2006), were satisfied and sentenced Stevenson to 188 months' imprisonment. Finding no error, we affirm.

Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on appeal, questioning whether the district court erred in finding Stevenson had the requisite number of predicate state convictions to support enhancement under the ACCA. Stevenson was notified of his right to file a pro se supplemental brief but did not do so.

Stevenson reasons that he was improperly classified as an armed career criminal because, under North Carolina law, he was subject to less than one year of imprisonment on several of his prior violent felony convictions. However, as counsel concedes, this argument is foreclosed by United States v. Rodriquez, 128 S. Ct. 1783, 1792-93 (2008) (defining phrase "maximum term of imprisonment" in § 924(e) as maximum term permitted by state statute, including recidivist provisions), and United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (determining satisfaction of recidivist guideline requirement

2

that prior conviction was punishable by term exceeding one year depends on "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history"). Thus, because it is undisputed that the prior convictions at issue were punishable by maximum terms of imprisonment exceeding one year, we conclude the district court did not err in finding Stevenson satisfied the requirements under the ACCA.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

                                                    AFFIRMED

3